Requestor: James A. Murphy, Jr., Town Attorney Town of Greenfield Lake Desolution Box 32 Middle Grove, New York 12850
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have indicated that the spouse of a town council member has been elected superintendent of highways. You have asked whether the town council member will have any conflicts of interests as a result of her husband's service as superintendent of highways.
Public officers have responsibility to exercise their official duties solely in the public interest (1986 Op Atty Gen [Inf] 101; 1984 Op Atty Gen [Inf] 122). They should avoid circumstances which compromise their ability to make impartial judgments. Public officers must avoid the appearance of impropriety in order to maintain public confidence in government.
In previous opinions of this office, we have concluded that a local legislator must recuse himself or herself from participating in matters affecting the compensation, employment and other terms and conditions of employment of his or her spouse (1986 Op Atty Gen [Inf] 101; 1985 Op Atty Gen [Inf] 89).
Specifically, you ask whether the spouse serving as member of the town council may act with respect to the budget. If the salary and benefits of the town superintendent of highways are established through separate legislation apart from the budget, the town council member must recuse herself from participating in these deliberations. We believe, however, that she may vote on a town budget, which includes funds in the highway department portion reflecting the previously established salary and benefits of the superintendent of highways. If, however, salary and benefits for the superintendent of highways are established solely by the town budget, a conflict of interests, or at least an appearance of a conflict may occur if the legislator were to take part in the vote.
In our view, the town council member may participate in any other governmental matter relating to the operations of the town highway department except those in which she has a personal interest by reason of affinity. Unlike matters affecting the salary and conditions of employment of her spouse, she would not have a personal interest in these matters requiring recusal.
We conclude that a member of a town council must recuse herself from participating in any matter concerning the salary and terms and conditions of employment of her husband who serves as superintendent of highways of the town.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.